## SAMUEL RANKIN *vs.* AARON NETTLETON.

A prisoner made application in writing to two justices of the quorum to be discharged from prison upon taking the poor debtor's oath, and the justices, on the back of the application, made an order appointing a time and place of hearing and directing notice to be given to the creditor—a copy of the application and order delivered to the creditor's attorney, was held to be sufficient notice, although the person who attested and delivered the copy was not an officer.

This was an action of debt upon a bond. The defendant craved oyer of the bond, and also of the condition, which was in substance that *George Comstock*, who had been committed to the prison in Charlestown, in the county of Cheshire, on the 18th January, 1817, on an execution in favor of *Rankin*, should continue a true prisoner within the limits of said prison yard without committing any escape until legally discharged. The defendant then pleaded that said *Comstock* did continue a true prisoner within said limits until the 24th of February, 1817, when upon a hearing before two justices of the quorum, he was duly discharged in pursuance of the acts for the relief of poor debtors. The plaintiff replied, that no notice of the said hearing before the said justices was given to him or his attorney, and the pleadings ended in an issue upon the notice.

The cause was tried here at May term, 1819, when it appeared in evidence that a copy of *Comstock's* application to the justices, with a copy of their order thereon, appointing the time and place of hearing, and directing notice to be given to *Rankin*, was delivered to *Rankin's* attorney more than fifteen days before the day appointed for the hearing, by *Asahel Hunt*, who made return on the back of the original application that he had given *Rankin's* attorney an attested copy of the application and order. To the truth of which return, *Hunt* made oath before a justice of the peace.

A verdict was taken for the plaintiff, subject to the opinion of the court upon the sufficiency of the notice.

*Goodall*, for the plaintiff.

*By the Court.* It is contended that the service of the notice upon *Rankin's* attorney was irregular. It is said that a copy of the application and order ought to have been attest-

Rankin
*vs.*
Nettleton.

ed and delivered by an officer, or at least that the copy ought to have been attested by the justices, who made the order. But we are of opinion that the notice was sufficient.— The order of the justices was a mere rule to show cause, and it was served in the manner, rules of that kind made in this court are by our practice served; and the practice of the court of King's bench in England is the same in this respect.(1) The statute of June 16, 1807, sec. 3,(2) contains a provision "that no such debtor shall be admitted to the oath " aforesaid unless he shall have given notice to the creditor " or creditors who committed him to prison, or their agent " or attorney of the time and place," &c.

(1) 1 Tidd's Prac. 453.— Tidd's Prac. Forms 81. (2) 1 N. H. Laws 158.

We are not aware that this clause in the statute can be construed to require a more formal notice than what was given in this case; and the verdict must be set aside, and a

*New trial granted.*